IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

**ALAINA HARRIS,**
   3133 Connecticut Ave. NW,
   Washington, DC 20008,

   *Plaintiff,*

vs.

**CHERYL LEE-POW, D.C.,**
   6320 Craigmont Road
   Catonsville, MD 21228,
And

**POW-HER CHIROPRACTIC, LLC,**
   D/B/A Pow-Her Chiropractic,
   D/B/A Pow-Her Chiropractic &
     Wellness Ctr.
   D/B/A POW H.E.R,
   D/B/A POW High Energy Recovery,
     401 North Washington St.
     Suite 168
     Rockville, MD 20850,
  **Registered Agent:**
  Cheryl Lee-Pow
  6320 Craigmont Road
  Catonsville, MD 21228,
  And
  Cheryl Lee-Pow
  9908 Snowden Road
  Laurel, MD 20708,

And

**WHITE FLINT MEDICAL & NATURAL HEALING CTR., P.C.**
   D/B/A Rifkin Chiropractic and
     Wellness Ctr.,
   6101 Executive Blvd.,
   Suite 280
   Rockville, MD 20852,
  **Registered Agent:**
  Robert A. Rifkin
  11119 Rockville Pike
  #209
  Rockville, MD 20852,

   *Defendants.*

Civil Action No. _____

Demand for Jury Trial

## COMPLAINT

Alaina Harris, by and through her undersigned attorneys, Caragh Fay, and the attorneys at Fay Kaplan Law, P.A., and files this complaint against the health care providers, Cheryl Lee-Pow, D.C., Pow-Her Chiropractic, LLC, and White Flint Chiropractic & Wellness Center, and in support thereof, state:

## JURISDICTION, VENUE, AND PARTIES

1. This case was previously filed with the Health Claims Arbitration Office of Maryland, HCA No. 2014-096, and was waived pursuant to § 3-2A-06(B) of the Court & Judicial Proceedings Article, Annotated Code of Maryland. A copy of the Order of Transfer and Certificate of Merit filed in that action is attached hereto as Exhibit 1 and Exhibit 2.

2. At all times relevant to the matters set forth within, Plaintiff Alaina Harris was a resident of Washington, D.C.

3. At all times relevant to the matters set forth within, the Health Care Provider, Cheryl Lee-Pow, D.C. was a duly licensed doctor of chiropractic medicine with an office for the practice of chiropractic medicine in Montgomery County, Maryland, and was an employee, agent, principal, and/or owner of Pow-Her Chiropractic, L.L.C. (hereinafter "Pow-Her") and White Flint Chiropractic & Wellness Center (hereinafter "White Flint").

4. At all times relevant to the matters set forth within, the Health Care Providers Pow-Her and White Flint were corporations or other legal entities organized and existing under the laws of the State of Maryland which through their agents, employees, principals and/or servants provided chiropractic care and treatment to Claimant Ms. Harris in Montgomery County, Maryland.

5. At all times relevant to the matters set forth within, the Health Care Providers Pow-Her and White Flint, were corporations or other legal entities organized and existing under the laws of the State of Maryland which owned and/or operated a chiropractic medical facility, in conjunction with Defendant Cheryl Lee-Pow, D.C. in Montgomery County, Maryland, and where, through their agents, servants, principals and/or employees, provided chiropractic services to Plaintiff Ms. Harris.

6. Each Health Care Provider and their agents represented to the Plaintiff and to the public at large that they possessed that degree of skill, knowledge and ability ordinarily possessed by health care providers under the same or similar circumstances, and each Health Care Provider owed a duty to the public at large and to the Plaintiff to exercise that degree of care, skill and judgment exercised by such a doctor of Chiropractic medicine, professional chiropractic medical corporation, conglomeration or professional chiropractic association in like or similar circumstances.

7. Upon information and belief, the Health Care Providers employed, participated, or contracted as the principal for the services of the doctors, medical assistants, nurses or others who rendered care and treatment to Plaintiff Ms. Harris as described herein; or were in partnership with each other and therefore are liable under the doctrines of *respondeat superior* and/or joint and several liability for any negligent acts or omissions committed by their partners, employees, agents or servants in the medical management of said Plaintiff.

8. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332 because there is complete diversity amongst the parties hereto and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

## FACTS

9. Ms. Harris was treated as a patient by Defendants from April, 2010, until August, 2011.

10. On or about February 23, 2011 thru August, 2011, Cheryl Lee-Pow, D.C. performed chiropractic manipulations on Ms. Harris' neck.

11. At these visits, she was treated with cervical manipulation, despite Ms. Harris having no cervical complaints. Moreover, nothing in Ms. Harris' medical documentation indicated a necessity for a cervical manipulation.

12. During the twelve visits, the Defendants, using preformatted office notes for documentation, neither took an accurate medical history nor performed a comprehensive physical examination of Ms. Harris in order to render a safe, thorough, and effective chiropractic care plan. Defendants failed to document what transpired between the medical providers and Ms. Harris on each visit, the types of treatment performed, and the type of physical therapies performed. Additionally, the Defendants did not discuss with Ms. Harris the risks, potential complications, and alternatives related to cervical chiropractic manipulation.

13. On or about August 15, 2011, Ms. Harris had an appointment with the Defendants, at which time a cervical manipulation was performed.

14. On or about August 24, 2011, a neighbor discovered Ms. Harris incoherent and drooling with a facial droop. She was taken to George Washington University Hospital where she was admitted and diagnosed with a left carotid artery dissection causing an acute left fronto-temporal stroke. The treating doctors found that the cause of the stroke was the chiropractic manipulation performed by the Defendants.

15. As a result of the negligence, malpractice, and wrongdoing of the Health Care Providers

named herein, Ms. Harris suffers permanent neurologic, cognitive, sensory, physical, emotional and vascular deficits along with other additional clinical issues related to this ischemic event, requiring occupational, medical, physical, emotional and speech therapy. She does, and will, require prolonged future medical care and treatment. Ms. Harris also suffered from a humiliating facial disfigurement as a result of the stroke, caused by the Defendants actions.

## COUNT I
## Medical Negligence

16. The allegations contained in Paragraph One (1) through Fifteen (15) are adopted and incorporated as though expressly stated herein.
17. The Plaintiff, Ms. Harris, brings this action for injuries arising from chiropractic negligence and seeks compensation for the personal injuries, pain and anguish, medical expenses, hospital expenses, and therapy expenses, other economic and non-economic expenses and other permanent injuries and damages that she has sustained and will continue to sustain in the future.
18. The Health Care Providers, each or any of them, deviated from the standard of care in the medical care and treatment provided to the Plaintiff, Ms. Harris, were negligent, reckless and careless and breached the duties imposed on them, including, but not limited to, the following ways:
    a. By performing contraindicated and unnecessary procedures on Ms. Harris during her treatment from February 23, 2011, until August 15, 2011;
    b. In unnecessarily manipulating Ms. Harris neck in August of 2011;
    c. Causing a left carotid artery dissection in Ms. Harris;

5

    d. Causing Ms. Harris to suffer a stroke in August, 2011;

    e. Failing to take a thorough and accurate medical history;

    f. Failing to conduct a necessary comprehensive physical examination of Ms. Harris before providinging medical treatment;

    g. Failing to keep and maintain accurate, clear, and concise patient records to indicate diagnosis, testing, and treatment of patients;

    h. Increased the likelihood of harm to Ms. Harris;

    i. Failing to exercise reasonable care and judgment in performing multiple spinal manipulations on Ms. Harris;

    j. Failing to inform Ms. Harris of the possible risks, complications, and any alternative medical treatments available before performing any medical treatment or procedures;

    k. Failing to adequately supervise assistants, servants, agents, and/or employees who participated in the care and treatment of Ms. Harris; and

    l. In being negligent in other respects.

19. As a direct and proximate result of the negligent acts and omissions of the Heath Care Providers, and each or any of them, the Plaintiff, Ms. Harris, with no negligence on her part, suffered serious personal injuries, disfigurement, humiliation, and damages (past, present, and future) and permanent physical pain, suffered emotional pain, loss of earning capacity, and was caused to incur medical/hospital expenses, and rehabilitation expenses. The Plaintiff has lost and will lose future income, associated with decreased earning capacity, as well as incurring significant expenses and damages as a result of the negligent actions of the Defendant, as allowed under Maryland law.

## COUNT II

## Lack of Informed Consent

20. The allegations contained in Paragraph One (1) through Nineteen (19) are adopted and incorporated as though expressly stated herein.

21. The Health Care Providers each had a duty to the Plaintiff to inform her of all material risks and complications of the medical care provided.

22. The Health Care Providers, each or any of them, are liable for lack of informed consent to Ms. Harris in a manner including, but not limited to, the following ways:

   a. Failing to inform Ms. Harris of the nature of her ailment, and the nature of the proposed treatment before providing medical treatment;

   b. Failing to explain and warn of all the material risks of the procedure, before providing the medical treatment, so that the patient can make an intelligent and informed decision about whether to go forward with the proposed treatment;

   c. Failing to inform Ms. Harris of the probability of success from the cervical manipulation or alternative forms of therapy as treatment for her complaints;

   d. Failing to inform Ms. Harris of the risks or dangers of cervical manipulation, including, but not limited to, the possibility of a carotid artery dissection resulting in stroke; and

   e. And being negligent in other respects.

23. As a direct and proximate result of the negligent acts and omissions of the Heath Care Providers, and each or any of them, the Plaintiff, Ms. Harris, with no negligence on her part, suffered serious personal injuries, disfigurement, humiliation, and damages (past, present, and future) and permanent physical pain, suffered emotional pain, loss of earning

capacity, and was caused to incur medical/hospital expenses, and rehabilitation expenses. The Plaintiff has lost and will lose future income, associated with decreased earning capacity, as well as incurring significant expenses and damages as a result of the negligent actions of the Defendant, as allowed under Maryland law.

WHEREFORE, the Plaintiff, Ms. Harris, claim compensatory damages and requests that judgment be entered against the Health Care Providers named herein in an amount that exceeds the minimal jurisdictional requirement, plus costs and interest, and such other and further relief as may be necessary and proper against the Health Care Providers and each and any of them Under Counts I and II of this claim.

_____
Caragh Fay, Esquire
Molly Patricia Hoffman, Esquire
FAY KAPLAN LAW, P.A.
777 6th Street NW, Suite 410
Washington, DC 20001
(202) 589-1300
*Attorneys for Alaina Harris*

## DEMAND FOR JURY TRIAL

The Plaintiff demands a jury trial on all issues.

_____
Caragh Fay, Esquire
Molly Patricia Hoffman, Esquire
FAY KAPLAN LAW, P.A.
777 6th Street NW, Suite 410
Washington, DC 20001
(202) 589-1300
*Attorneys for Alaina Harris*