```
          IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND

ALAINA HARRIS                       *

     Plaintiff                      *

v.                                  * Civil Action MJG-14-1529

CHERYL LEE-POW, D.C., et al.        *

     Defendants                     *

*     *     *     *     *     *     *     *     *     *     *     *
```

MEMORANDUM AND ORDER

The Court has before it Plaintiff's Motion in Limine Regarding Plaintiff's Fall [ECF No. 91] and the materials submitted relating thereto. The Court finds that a hearing is unnecessary.

By the instant motion, Plaintiff seeks to exclude from the trial any reference to a purported "fall" by Plaintiff on August 24, 2011.

Plaintiff admits that she drank alcohol heavily on August 23, 2011, went to bed and "woke up on the floor" on the 24th. Pl.'s Dep. 176, Mot. Ex. 1, ECF No. 91-2. The medical notes of a treating neuropsychologist, Dr. Ekdom, state, as to the incident, that Ms. Harris "awoke at 7 a.m. and dropped to the floor when she attempted to get out of bed." Barry Ekdom, Ph.D.'s Neuropsychological Evaluation at 1, Mot. Ex. 2, ECF No. 91-3.

Plaintiff can, and apparent does, deny that she fell to the floor. However, there is an adequate evidentiary basis for Defendants to contend, and the jury to find, that she fell.

First, Harris herself testified that she woke up on the floor. That alone could be enough. However, her statement to Dr. Ekdom is manifestly sufficient to establish that she "dropped" to the floor and a jury could, quite reasonably, find that a "drop" would fairly be referred to as a "fall" to the floor.

Plaintiff presents the argument that the statement in Dr. Ekdom's notes is inadmissible hearsay. However, Dr. Ekdom's notes were business records pursuant to Rule[1] 803(6). Of course, the contents of a business record are not necessarily admissible for their truth. However, the notes are admissible to prove that Ms. Harris made the statement to Dr. Ekdom. The statement is not hearsay and admissible for its truth as a statement of an adverse party pursuant to Rule 801(d)(2)(A).

Accordingly, Plaintiff's Motion in Limine Regarding Plaintiff's Fall [ECF No. 91] is DENIED.

SO ORDERED, on Friday, February 5, 2015.

/s/
Marvin J. Garbis
United States District Judge

---

[1] All "Rule" references herein are to the Federal Rules of Evidence.

2